IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 09-1322-TUC-RCC (GEE) |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Noah Michael Benjamin, ) | |
| Defendant. ) | |

The District Court referred this case to the Magistrate Judge for consideration of pretrial motions.

Pending before the court is the defendant's motion for disclosure filed on October 28, 2009. [doc. # 28] Benjamin argues the government should not be allowed to withdraw its plea offer, as it has threatened to do, if Benjamin asserts his right to conduct a forensic examination of the hard disk drive of his computer which was seized by the government in its search of his home. The government filed a response, and Benjamin filed a reply. Magistrate Judge Edmonds held a hearing on the motion on February 8, 2010. The Magistrate Judge recommends the motion be denied.

**CHARGES:**

The indictment charges Benjamin in Count One with attempted distribution of child pornography pursuant to 18 U.S.C. §§ 2252(a)(2) and (b)(1). In Count Two and Count

1  Three, the indictment charges Benjamin with possession of child pornography on two
2  computer hard drives pursuant to 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

*Facts*:

The government calculates the defendant's sentencing range at 151 to 188 months, but it has offered the defendant a plea agreement with a significantly reduced sentencing range of 109 to 120 months. The government, however, requires that the defendant accept the plea without first conducting a forensic examination of the computer hard drives, which the parties agree the defendant has a right to do pursuant to Fed.R.Crim.P. 16.

The government has already made significant disclosure pursuant to Rule 16: On February 27, 2008, an FBI agent in an undercover capacity used the file sharing program Limewire and initiated downloads of material suspected of being child pornography. The transmission was interrupted, but the agent was able to determine that the material was indeed child pornography from the "hash values." The agent discovered the location of the sending computer through the sender's internet service provider. A search warrant was executed, and the defendant was found at his computer, running the program Limewire, and downloading files that the agent suspected were child pornography. The government has disclosed statements made by the defendant that he knew Limewire could be used to make his computer files available for others to download. The defendant also stated that he was the only person in the home to use that particular computer. The government has also made available the images that are listed in the indictment as child pornography.

The government asserts it will withdraw its plea agreement if the defendant insists on performing a forensic examination on the computer hard drives. While it does not dispute that the defendant has a right to conduct this examination, it maintains this process is very burdensome and time consuming and it would prefer to resolve the case without having to accommodate that examination.

*Discussion*

Benjamin first argues he has a right to this disclosure under Fed.R.Crim.P. 16(E) and because the rule contains no qualifications on this right, the government may not withdraw it s plea agreement if he asserts this right. The court does not agree.

In *U.S. v. Ruiz*, 536 U.S. 622, 122 S.Ct. 2450 (2002), the Supreme Court held the government could condition its plea agreement on the defendant waving the right to receive disclosure of impeachment evidence and information relating to any affirmative defense she might raise at trial. Although the Court did not specifically discuss Rule 16, the defendant in *Ruiz* was seeking information that falls under Rule 16. *Id*. Accordingly, this court finds the defendant does not have an absolute right to obtain Rule 16 discovery unfettered by any possible adverse consequences in his plea bargaining with the government. *See Id*.

Benjamin further argues that without a forensic analysis his attorney would not be able to offer a competent opinion as to whether he should accept the government's plea agreement. At the hearing, Benjamin's computer forensic expert, Tammy Loehrs, testified that an examination of the computer hard drives could reveal information valuable to the defense. For example, by looking at the user's recorded computer activity it may be possible to infer who was using the computer when certain images were downloaded. Further, she could discover whether or not an image was properly downloaded, saved, opened, viewed, copied, or shared. Loehrs suggested that a person might search Limewire using a general search term such as "sex" and inadvertently receive child pornography. That user might then delete those unwanted files without even opening them.

The court does not agree that without a computer forensic analysis Benjamin would be without effective assistance of counsel during the plea bargaining stage. *See, e.g., U.S. v. Leonti*, 326 F.3d 1111, 1117 (9th Cir. 2003) ("[The defendant] was also entitled to the effective assistance of counsel in his decision whether and when to plead guilty."). Benjamin's counsel has sufficient information to give an informed opinion as to whether or not the plea should be accepted. Based on the government's disclosure to date, he should be able to give a reasoned opinion as to what the government would offer in its case in chief and whether or not the all elements of the offenses could be proven. He also has information

from his expert concerning what a forensic examination might uncover and how that information might affect the government's ability to prove its case. Finally, he has access to the defendant himself who is in a unique position to evaluate the likelihood that a forensic examination would be fruitful. For example, if the defendant did, in fact, inadvertently receive child pornography, and if he did delete files without looking at them, then it is likely that a forensic examination would uncover information valuable to the defense. If not, then the probability that a forensic analysis would yield valuable evidence is correspondingly diminished. The court concludes that Benjamin's attorney has sufficient information and resources to effectively evaluate of the government's plea offer.

The court is aware that without the forensic analysis Benjamin's analysis of the plea is more complicated. He will have to make a decision based on an incomplete knowledge of the facts. This alone, however, does not violate the Constitution. As the Supreme Court observed:

> [T]he decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. Counsel must predict how the facts, as he understands them, would be viewed by a court. If proved, would those facts convince a judge or jury of the defendant's guilt? On those facts would evidence seized without a warrant be admissible? Would the trier of fact on those facts find a confession voluntary and admissible? Questions like these cannot be answered with certitude; yet a decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be.

*McMann v. Richardson*, 397 U.S. 759, 769-770, 90 S.Ct. 1441, 1448 (1970); *see also U.S. v. Ruiz*, 536 U.S. 622, 630, 122 S.Ct. 2450, 2456 (2002) ("[T]his Court has found that the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor.").

RECOMMENDATION:

In view of the foregoing, it is recommended that after an independent review of the record, the District Court **DENY** the defendant's motion for disclosure filed on October 28, 2009. [doc. # 28]

This Report and Recommendation is being faxed to all counsel on this date. Counsel must file any objections within ten (10) days of today's date.

DATED this 16th day of February, 2010.

_____
Glenda E. Edmonds
United States Magistrate Judge